EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff–Appel-
lant,

v.

SHELL OIL COMPANY, a corporation,
Defendant–Appellee.

CA No. 79–4053.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1980.

Decided Jan. 23, 1981.

David A. Grant, Dept. of Labor, Wash-
ington, D. C., on brief; Joseph M. Wood-
ward, Dept. of Labor, Washington, D. C.,
for plaintiff–appellant.

David M. Heilbron, McCutchen, Doyle,
Brown & Enersen, San Francisco, Cal., for
defendant–appellee.

Before BROWNING, PECK *, and FAR-
RIS, Circuit Judges.

PER CURIAM:

The Secretary of Labor appeals the dis-
trict court's order granting Shell's motion
for summary judgment. The action was
instituted by the Secretary against Shell for
Shell's alleged improper retiring of thirteen
employees in 1972–1973. We affirm.

FACTS

The Secretary alleged that Shell violated
section 4(a)(1) of the Age Discrimination in
Employment Act (ADEA) of 1967, 29 U.S.C.
§ 623(a)(1) (1976), by discharging 13 em-
ployees solely on the basis of their age.

* Honorable John W. Peck, Senior United States
Circuit Judge for the Sixth Circuit, sitting by
designation.

Shell defended by claiming that the retirements were made pursuant to the terms of a bona fide retirement plan, and were therefore authorized under section 4(f)(2) of the ADEA of 1967, 29 U.S.C. § 623(f)(2) (1976). The district court stayed the proceedings pending the Supreme Court's decision in *United Air Lines, Inc. v. McMann*, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977), and our decision in *Marshall v. Hawaiian Telephone Co.*, 575 F.2d 763 (9th Cir. 1978). *McMann* held that involuntary retirements made pursuant to a mandatory retirement plan were authorized under section 4(f)(2). We followed *McMann* in *Hawaiian Telephone Co.* and upheld involuntary retirements made pursuant to an optional retirement plan.

In response to Shell's motion for summary judgment, the district court permitted rebriefing by both parties, and subsequently granted Shell's motion, relying upon *McMann* and *Hawaiian Telephone Co.*

The Secretary appeals on the grounds that 1) summary judgment was improper because, under the original version of section 4(f)(2), a triable issue of fact existed as to whether Shell observed the terms of its retirement plan, and 2) even if the retirements were lawful under section 4(f)(2) in 1973, the 1978 amendments to section 4(f)(2) should apply retroactively to invalidate the Shell retirements.

### DISCUSSION

The plan authorizes involuntary retirements only upon "ill health or other cause." The Secretary does not dispute that the plan was bona fide but argues that Shell did not "observe [its] terms" because age is not "other cause."

On appeal from an order granting summary judgment, we must view the record in the light most favorable to the Secretary (the party who opposed the motion). *Hughes v. Teamsters Local 683*, 554 F.2d 365, 367 (9th Cir. 1977). Accordingly, we must assume that Shell retired the 13 employees solely because of age.

█ In *Hawaiian Telephone Co.*, we held that section 4(f)(2) authorized an employer to exercise the option of retiring employees

on account of their age pursuant to a bona fide retirement plan, even where the plan does not require such retirements. 575 F.2d at 767. Our holding in *Hawaiian Telephone Co.* recognizes that, under section 4(f)(2), the employees' age is a legitimate "cause" for involuntary retirements pursuant to an optional plan. Accordingly, because the Shell plan contemplated retirements for legitimate cause, the retirements here, based solely on the employees' age, were for "cause" under the Shell plan.

Subsequent to *McMann* and *Hawaiian Telephone Co.*, Congress amended section 4(f)(2) of the ADEA of 1967 by adding the provision "except that no such employee benefit plan . . . shall require or permit the involuntary retirement of any individual . . . because of the age of such individual." Age Discrimination in Employment Act Amendments of 1978, Pub.L.No.95–256, sec. 2(a), 92 Stat. 189 (amending 29 U.S.C. § 623(f)(2) (1976)). The Secretary contends that this legislation, which dictates a result inconsistent with that reached by either *McMann* or *Hawaiian Telephone Co.*, should be applied to all pending litigation.

█ We agree with the decisions of the Third, Fifth and Seventh Circuits, which hold that retroactive application of the amendment to section 4(f)(2) would be both contrary to the amendment's legislative history and manifestly unjust. *Jensen v. Gulf Oil Refining & Marketing Co.*, 623 F.2d 406, 409–13 (5th Cir. 1980); *Smart v. Porter Paint Co.*, 630 F.2d 490 (7th Cir. 1980); *Sikora v. American Can Co.*, 622 F.2d 1116, 1119–24 (3d Cir. 1980). Virtually every district court to consider the issue has reached the same conclusion. *Gonsalves v. Caterpillar Tractor Co.*, 22 Fair Empl.Prac.Cas. 967 (C.D.Ill. Mar. 26, 1980); *Strattman v. N. L. Industries, Inc.*, 21 Fair Empl.Prac.Cas. 1633 (D.N.J. Jan. 23, 1980); *EEOC v. Florissant Valley Fire Protection District*, 21 Fair Empl.Prac.Cas. 973 (E.D.Mo. Dec. 6, 1979); *Marshall v. Delaware River & Bay Authority*, 471 F.Supp. 886 (D.Del.1979); *Marshall v. Atlantic Container Line, G. I. E.*, 470 F.Supp. 71 (S.D.N.Y.1979); *Marshall v. Baltimore & Ohio Railroad*, 461 F.Supp. 362, 377–84 (D.Md.1978), *rev'd on other grounds sub nom. EEOC v. Baltimore & Ohio Rail-*

road, 632 F.2d 1107, 24 Empl.Prac.Dec. (CCH) ¶ 31,249, at 17,603 (4th Cir. 1980); Aldendifer v. Continental Air Lines, Inc., 18 Empl.Prac.Dec. ¶ 8874 (C.D.Cal.1978), appeal docketed, No. 79–3104 (9th Cir. argued Dec. 3, 1980). Contra, Davis v. Boy Scouts of America, 457 F.Supp. 665 (D.N.J.1978). Our decision is consistent with the policy articulated by the Supreme Court in City of Los Angeles Department of Water & Power v. Manhart, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978). Because of the drastic economic consequences resulting from retroactive application of rules pertaining to pension funds or plans, those rules "should not be applied retroactively unless the legislature has plainly commanded that result." 435 U.S. at 721, 98 S.Ct. at 1382 (footnotes omitted).

Affirmed.